## Paolini v. Greiber

*Henry O. Heiser, III,* for plaintiff.
*Kenneth Lee Rotz,* for defendant.

SPICER, *P.J.,* May 15, 1981—We have for decision a petition filed by defendant to disqualify counsel for plaintiff because of alleged violations of Canons of Ethics in the Code of Professional Responsibility. These Canons have the effect of statutory rules of conduct for attorneys: Com. v. Eastern Dawn Mobile Home Park, Inc., 486 Pa. 326, 405 A. 2d 1232 (1979).

In order to discuss the petition it will be necessary to review the history of this and another case as well as the factual situation which forms the basis of the petition. It might also be helpful to note that Adams County does not have any really large law firms. There are several three person firms and, unless the

court has miscounted, respondent, with four members, is the largest in the county.

Sometime in 1979, parties named Broadwater sued defendant for alleged injuries to a horse. Defendant acquired representation in that case in the person of Robert McQuaide, Esq., a member of respondent. That case had proceeded to pretrial and was still in litigation in December, 1980.

Meanwhile, as they say, another member of the firm was doing legal work for plaintiff, who is an orthodontist. Apparently, plaintiff sued defendant before a district justice for dental services performed for defendant's children. The other firm member, Henry O. Heiser, III, Esq., said that he took no part in the hearing before the district justice. It is not clear what occurred or the result from the proceedings before the district justice. However, on December 10, 1980 Mr. Heiser filed a complaint in assumpsit on behalf of Dr. Paolini and against defendant. At this time, Mr. McQuaide was still representing defendant in the Broadwater case.

As a result of being served with the complaint, defendant acquired new counsel for both cases. Thereafter, on January 22, 1981 preliminary objections were filed to the complaint. A praecipe to list these objections for argument was filed January 29, 1981, and the petition to disqualify was filed February 6, 1981. Although scheduled for argument, the preliminary objections were not argued because of the pendency of the petition to disqualify.

We held a hearing on the petition April 30, 1981. It became obvious that the two cases in which defendant was involved were in no way similar and that no information that might be detrimental to

defendant's cause had been obtained by any member of respondent's firm.

Defendant argues that respondent should be removed from the case nonetheless. He argues that this is a case of concurrent representation and that respondent has violated Canons 5 and 9.

Respondent, on the other hand, contends this is a successive representation.

The two types of representation sometimes involve different considerations as discussed in The Chinese Wall Defense To Law-Firm Disqualification, 128 U. of Pa. L. Rev. 677, 681 (1980):

"In the successive representation context, the chief ethical concern, addressed in Canon 4, is that confidential information relating to the former client will be disclosed or used to his disadvantage. Although the same danger is implicated in concurrent representation cases, there an additional ethical concern is present—the attorney's Canon 5 duty to serve his or her client with undivided loyalty. In both types of situations, Canon 9's command to avoid even the appearance of impropriety applies." (Footnotes omitted.)

If we deal with this case in the abstract, it is clear that it involves a concurrent representation and considerations of Canon 5. In December, 1980 respondent represented both defendant and plaintiff. However, in the present time context, it is a successive representation because respondent no longer represents defendant.

We choose not to deal with the case in the abstract. In a real sense, defendant has availed himself of the proper remedy for violation of Canon 5 by obtaining other counsel. Although the violation survives the termination of defendant's client-

lawyer relationship with respondent, this would disqualify Mr. McQuaide but not the entire respondent firm. See foonote 17, U. of Pa. L. Rev., supra. It is this court's opinion that further redress for violation of Canon 5 should be pursued elsewhere, not in this lawsuit.

Thus, our sole consideration regards Canon 9.

If there could be an appearance of a conflict of interest or a suggestion that information gained through representation could be used to the detriment of defendant, respondents should be removed: American Dredging Co. v. City of Philadelphia, 480 Pa. 177, 389 A. 2d 568 (1978). However, in assessing the situation, the court must balance the apparent breach of Canon 9 against the prejudice to plaintiff and the impairment of judicial efficiency. Courts have been reluctant to remove counsel only upon a hint there might be impropriety. As was said in Board of Education of the City of New York v. Nyquist, 590 F. 2d 1241, 1246 (2d Cir. 1979): "This reluctance probably derives from the fact that disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and that disqualification motions are often interposed for tactical reasons."

As we analyze this case, defendant's complaint involves mainly a breach of loyalty. We can understand how a client must feel being sued by his own law firm. Perhaps every violation of Canon 5, then, would involve a violation of Canon 9. However, the decisions involving Canon 9 generally deal with considerations of knowledge of the client's affairs. That is not a consideration in this case and we do not find cause to disqualify all members of respondent firm.

For reasons expressed earlier, however, Mr. McQuaide will be disqualified.

## ORDER

And now, May 15, 1981, defendant's motion to disqualify counsel if granted to the extent that the court orders Robert McQuaide, Esq., disqualified and removed from this case. Otherwise, the petition is dismissed.